

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:                          Opinion No. 0-3034
                                   Re: Payment of traveling expenses
                                       of cigarette tax auditors out
                                       of tax audit fund appropriation.

        Your letter of January 8, 1941, asks the opinion
of this department upon the question whether the Comptroller
may pay traveling expenses incurred by one of its cigarette
tax auditors out of the tax audit fund appropriation in the
rider found on page 85 of the departmental appropriation
bill passed by the 46th Legislature (Senate Bill 427, Acts
of the 46th Legislature).

        Under the general heading "Cigarette and Occupa-
tion Tax Enforcement Division", the appropriation made to
the Comptroller's Department, and the sub-heading "Main-
tenance and Miscellaneous", there appears the following item:

        "1.  Traveling expense  . . . . . $36,000.00"

        Immediately following the Maintenance and Mis-
cellaneous section of this appropriation there appears the
following special rider:

        "Subject to the limitation set forth in the
    provisions appearing at the end of this Act, two
    and one-half per cent of the cigarette stamp tax
    and cigarette fees collected, as provided by
    acts of the Legislature, and all balances on
    hand in the cigarette tax enforcement fund on
    August 31, 1939, is hreby appropriated to the
    Comptroller of Public Accounts for payment of
    the items hereinbefore listed in the Cigarette
    Tax Enforcement Division for each of the years
    ending August 31, 1941, and August 31, 1941.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Subject to the limitations set forth in the provisions appearing at the end of this Act, any fees collected for audits and examinations as provided for in House Bill 755, Section 8, passed by the 44th Legislature, Regular Session, and any amendments thereto, and any balances in the cigarette tax audit fund are hereby appropriated to the Comptroller of Public Accounts to be used in making audits as provided in said Act."

The general rider appearing at the end of Senate Bill 427 provides in part as follows:

"Except as to field travel expense of the Highway Department, it is provided that no expenditure shall be made for traveling expenses by any department of this State in excess of the amount of money itemized herein for said purpose. . . ."

The item of $36,000.00 is, of course, an amount of money itemized herein for traveling expenses. The question to be determined is whether or not the appropriation appearing in the special rider "to be used in making audits as provided in said Act", is likewise available for traveling expenses, in so far as such expenses may be incurred in making audits as provided for in House Bill 755, Section 8, passed by the 44th Legislature, Regular Session, and any amendments thereto.

The language of the special rider appropriates the funds referred to therein "to be used in making audits as provided in said Act", without any limitation whatsoever upon their use otherwise. The payment of traveling expenses incurred in making audits provided for in said Act is clearly the use of the funds appropriated for the exact purpose for which the Legislature has made them available. The special rider is just as much an "item" of appropriation as the more specific provision "traveling expense . . . $35,000.00". The only distinction between the two is that the one is broader than the other. In other words, the funds appropriated by the special rider are available for any and all expenses which may be incurred in making audits as pro-

vided in the Act referred to, whereas, the $36,000.00 is available only for traveling expenses. It is the opinion of this department that each of such items is an "amount of money itemized herein" for traveling expenses.

It follows from what has been said above that the funds appropriated by the special rider "to be used in making audits as provided for in said Act" are available for payment of traveling expenses incurred by your auditors in making the audits provided for in House Bill 755, Section 8, passed by the 44th Legislature, Regular Session, and in the amendments thereto.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

(Signed)
R. W. Fairchild
Assistant

RWF:OO

APPROVED: January 14, 1941
Gerald C. Mann (Signed)
ATTORNEY GENERAL OF TEXAS